UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK F., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-cv-02031-MJD-TWP |
| | ) |
| NANCY A. BERRYHILL, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON PLAINTIFF'S PETITION FOR ATTORNEY FEES
UNDER THE EQUAL ACCESS TO JUSTICE ACT [DKT. 22]**

This matter comes before the Court on Plaintiff's *Petition for Attorney Fees Under the Equal Access to Justice Act* [Dkt. 22]. For the following reasons, the Court **GRANTS** Plaintiff's Motion.

## **I. Background**

"On June 22, 2017, the ALJ issued a partially favorable decision for disability benefits." [Dkt. 1 at 2.] On November 6, 2018, Plaintiff filed his *Brief in Support of Plaintiff's Complaint* seeking judicial review to reverse the ALJ's unfavorable finding and remand for further proceedings. [Dkt. 12.] On March 6, 2019, the Court reversed the Commissioner's decision, in part, pertaining to the ALJ's denial of Plaintiff's benefits prior to November 28, 2015, and remanded Plaintiff's claim for further proceedings. [Dkt. 20.] Final judgment was entered in favor of Plaintiff. [Dkt. 21.] Plaintiff filed a *Petition for Attorney Fees Under the Equal Access to Justice Act* with supporting documentation on March 15, 2019, requesting an EAJA award of

1

attorney fees and costs in the amount of $3,596.72. [Dkt. 22; Dkt. 23.] On March 15, 2019, Defendant filed a *Response to Plaintiff's Petition for Attorney Fees Under the Equal Access to Justice Act* which stated no objection to Plaintiff's petition for fees totaling $3,196.72 and costs of $400.00 would be filed. [Dkt. 24.]

## II. Discussion

Pursuant to the Equal Access to Justice Act ("EAJA"), a "court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States." 28 U.S.C. § 2412(d)(1)(A). In order to succeed in a Petition for EAJA fees, the movant must, "within thirty days of final judgment in the action," file his application (1) showing that he is a "prevailing party," (2) providing the Court with an itemized statement that represents the computation of the fees requested, and (3) alleging that the position taken by the United States was "not substantially justified." 28 U.S.C. § 2412(d)(1)(B). Additionally, the Court may, in its discretion, reduce or deny the award of fees and expenses if the prevailing party "engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy" during the course of the proceedings. 28 U.S.C. § 2412(d)(1)(C).

First, the Court must determine whether Plaintiff's motion for fees was timely filed. Section 2412(d)(1)(b) of the EAJA states that an application for fees and expenses must be filed "within thirty days of final judgment in the action." The Supreme Court has clarified that the "30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired," which in this case is 60 days. *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991). The Court entered

final judgment on March 6, 2019. [Dkt. 21.] Thus, Plaintiff's March 15, 2019, petition for attorney fees was timely filed. [Dkt. 22.]

In his brief in support [Dkt. 23 at 1-2], Plaintiff contends he meets the "prevailing party" requirement of the EAJA pursuant to the standard set forth by the U.S. Supreme Court in *Shalala v. Schaefer*. 509 U.S. 292 (1993). In *Shalala*, the Supreme Court confirmed that a plaintiff whose complaint is remanded to an administrative law judge for further consideration qualifies as a "prevailing party" under Section 2412(d)(1)(B) of the EAJA. *Id.* at 300. Because the Court in this matter remanded Plaintiff's case to an administrative law judge for such further consideration, Plaintiff indeed meets the prevailing party requirement of the EAJA.

Next the Commissioner bears the burden of proving that her pre-litigation conduct, including the ALJ's decision itself, and her litigation position were substantially justified. *See Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009). In the matter before the Court, the Defendant's *Response* to Plaintiff's petition did not articulate any objection to Plaintiff's petition, nor did the *Response* argue that the Commissioner's position was substantially justified. [Dkt. 24.] Therefore, Plaintiff meets the EAJA's threshold requirement of asserting that the Commissioner's position in this matter was not substantially justified.

Finally, Plaintiff asserted the fees requested are reasonable pursuant to the terms of the EAJA. [Dkt. 23 at 2-4.] As a threshold requirement, 28 U.S.C. § 2412(d)(1)(B) of the EAJA requires Plaintiff to submit "an itemized statement from any attorney or expert witness representing or appearing in [sic] behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." Plaintiff attached an itemized statement as Exhibit A to his *Petition for Attorney Fees Under the Equal Access to Justice Act* that tracks the

3

hours worked by his attorney, Timothy J. Vrana, on this matter. [Dkt. 22-2.] Additionally, Plaintiff makes a representation of the reasonable rate of computation, as required by the EAJA. [Dkt. 23 at 2-4.] Thus, Plaintiff has met the threshold requirement of presenting the Court with both the hours expended by his attorney on the matter and the rate used to compute the total fees sought.

Although Plaintiff has met the burden of presentation regarding the amount of fees sought, the Court must determine whether such fees are *reasonable* pursuant to the EAJA. A reasonable EAJA fee is calculated under the lodestar method by multiplying a reasonable number of hours expended by a reasonable hourly rate. *Astrue v. Ratliff*, 560 U.S. 586, 602 (2010). Although the hourly rate is statutorily capped at $125.00 per hour, the language additionally permits the Court to allow for "an increase in the cost of living" to justify a higher hourly rate. 28 U.S.C. § 2412(d)(2)(A). In order to prove that such an increase is justified, the Seventh Circuit held that "an EAJA claimant may rely on a general and readily available measure of inflation such as the Consumer Price Index, as well as proof that the requested rate does not exceed the prevailing market rate in the community for similar services by lawyers of comparable skill and experience." *Sprinkle v. Colvin*, 777 F.3d 421, 423 (7th Cir. 2015). Reliance solely on a readily available measure of inflation is not sufficient, as an inflation-adjusted rate might result in a rate higher than the prevailing market rate in the community for comparable legal services, creating a windfall, which is to be avoided. *Id.* at 428-29.

Here, Plaintiff asserts that due to the increase in the cost of living since March 1996, the Plaintiff is entitled to "an enhanced fee in this case[.]"[1] [Dkt. 23 at 3.] Plaintiff purports an updated hourly rate of $193.05; such hourly rate was calculated by using the Midwest Consumer Price Index (CPI-U) from November 2018 totaling 234.292, subtracting the CPI-U in effect in March 1996 of 151.700, and dividing the result of 82.592 by 151.700 to reach a 54.44% increase. [Dkt. 23 at 3.] At a 54.44% increase, Plaintiff asserts $68.05 should be added to the March 1996 hourly rate to attain the enhanced rate of $193.05. [Dkt. 23 at 3.] In further support, Plaintiff's counsel attached affidavits from practitioners handling Social Security disability claims attesting to previously award EAJA fees as well as rates for similar work in the legal community. [Dkt. 23-1; Dkt. 23-2.] The Court finds these rates are consistent with the inflation-adjusted rate, the depth of counsel's experience, the prevailing market rate in the community by lawyers of comparable skills and experience, and the rate approved in other similar disability cases in this district. *See, e.g.*, *Rabe v. Astrue*, 2011 WL 2899063 (S.D. Ind. July 15, 2011); *Neal v. Colvin*, 2013 WL 4479802 (S.D. Ind. Aug. 19, 2013); *Little v. Colvin*, 2014 WL 30032 (S.D. Ind. Jan. 3, 2014).

Next, the Court must decide whether the number of hours reportedly worked by counsel appears sufficiently reasonable. The Seventh Circuit commands that an attorney use the same "billing judgment" with the Court that he or she would implement when presenting a client with the legal bill. *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 552 (7th Cir. 1999). As explained by the Supreme Court, "[c]ounsel for the prevailing party should make a good faith

---

[1] Plaintiff's calculations are based upon the Midwest Consumer Price Index (CPI-U) in March 1996 and compared to data for November 2018. See the United States Department of Labor, Bureau of Labor Statistics at https://data.bls.gov/pdq/SurveyOutputServlet.

effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Mr. Vrana asserted he worked a total of 16.30 hours on this case and reported legal assistant time of .50 hours. [Dkt. 22-2.] The Court has reviewed the itemized time records of services rendered and finds Plaintiff's counsel employed proper "billing judgment" with regard to his work on this case. The Court finds that the number of hours worked appears reasonable.

Additionally, Plaintiff requested a minimal fee award for services performed by a legal assistant. [Dkt. 22-2] If an attorney's fee is awarded, the services of paralegals should be taken into account. *Missouri v. Jenkins*, 491 U.S. 274, 286-87 (1989). Plaintiff asserted .50 hours were expended by a legal assistant in this case at the rate of $100.00 per hour. [Dkt. 23] The Court finds the hours for the work performed as well as the hourly rate for the legal assistant are reasonable. *See, e.g., Chorak v. Astrue*, Civil No. 2:11CV114, 2012 WL 1577448, at *2 (N.D. Ind. May 4, 2012) (citing case law and finding the hourly rate of $100.00 reasonable).

Finally, the Court is not aware of any "conduct which unduly and unreasonably protracted the final resolution of the matter in controversy" having taken place on behalf of Plaintiff or his counsel. Therefore, the Court will not reduce or deny an award of fees or expenses on such grounds, pursuant to 28 U.S.C. § 2412(d)(1)(C).

### III. Conclusion

The Court finds Plaintiff's request in the amount of $3,596.72 ($3,196.72 for attorney's fees and $400.00 for costs) reasonable. The Commissioner does not object to Plaintiff's petition. Therefore, based on the foregoing reasons, Plaintiff's *Petition for Attorney Fees Under the Equal*

*Access to Justice Act* [Dkt. 22] is **GRANTED**.  Plaintiff is entitled to reasonable attorney fees, expenses, and costs in the amount of Three Thousand Five Hundred Ninety-six Dollars and Seventy-two Cents ($3,596.72).  The fee award is payable to Plaintiff and subject to a government offset to satisfy any pre-existing debt Plaintiff owes to the government.  After the Court enters this award, if Defendant can verify that Plaintiff owes no pre-existing debt to the government subject to offset, Defendant will direct that the award be made payable to Plaintiff's attorney, pursuant to the EAJA assignment duly signed by Plaintiff and his counsel.

SO ORDERED.

Dated:   11 APR 2019

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Lu Han
SOCIAL SECURITY ADMINISTRATION
lu.han@ssa.gov

Eric Harris Schepard
SOCIAL SECURITY ADMINISTRATION
eric.schepard@ssa.gov

Timothy J. Vrana
TIMOTHY J. VRANA LLC
tim@timvrana.com

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov